## Chernko v. Moore et al.

Before Carr, P. J., Morrow and Cottom, JJ.

*Samuel J. Feigus*, for plaintiff.

*E. D. Brown*, for defendants.

MORROW, J., July 7, 1948.—The complaint in this suit in assumpsit avers that plaintiff began working for defendant, Fort Mason Coal Company, June 10, 1946, as a steam shovel engineer at $2 per hour; that on July 23, 1946, the company entered into a written

agreement with United Mine Workers of America, District No. 4, providing, inter alia, that the latter should be the exclusive bargaining agency representing the employes of the company; that the steam shovel engineers should receive $2.055 per hour for a 35-hour week, $3.017 per hour for regular overtime work, and $4.10 per hour for Sunday and holiday work; that the company, without advising plaintiff of this agreement, continued to employ him until June 9, 1947, giving him only the wages called for by his original employment as aforesaid, the company paying his dues directly to the union; and that the amount plaintiff should have been paid under the union contract was $1,514.99 in excess of what he was actually paid, to recover which sum this suit was brought.

Preliminary objections were filed for the defense urging that the complaint be stricken off because: (1) That plaintiff is not a party to the union contract; (2) that there was no consideration in the union contract moving from plaintiff to the company; (3) that no law or statute authorizes the contracting parties to create a right of action in a third party, and (4) that there is no promise in the agreement to pay money or wages to any person.

Without considering and discussing earlier decisions, it is sufficient to point out that the tenor of present-day authorities leads us to the conclusion that these objections filed are without merit. The right of collective bargaining has come to be almost universally recognized: Prentice Unemployment Compensation Case, 161 Pa. Superior Ct. 630, 639. In section 133 of A. L. I. Restatement of the Law of Contracts it is said:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, . . . (a) a donee beneficiary, if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee . . . is . . . to confer upon him a right against the promisor

to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary."

Section 135 says:

"(a) A gift promise in a contract creates a duty of the promisor to the donee beneficiary to perform the promise; and the duty can be enforced by the donee beneficiary for his own benefit; (b) A gift promise also creates a duty of the promisor to the promisee to render the promised performance to the donee beneficiary."

Section 139 declares:

"It is not essential to the creation of a right in a donee beneficiary or in a creditor beneficiary that he be identified when a contract containing the promise is made."

Section 345(1) (*b*) says:

"The donee beneficiary can get judgment for the value of the promised performance, with interest"; and section 345(2) gives the same right to a creditor beneficiary.

The foregoing from the Restatement of the Law of Contracts is quoted with approval by our Supreme Court in the case of Commonwealth v. Great American Indemnity Co., 312 Pa. 183, 192, and this quotation of the law is, in our opinion, a sufficient answer to all the preliminary objections raised in this suit. The case cited fully approves the proposition that "if there is a promise to pay money to an ascertainable person, the fact that he is a third person who gave no consideration for the promise does not prevent him from enforcing it."

## Order

And now, July 7, 1948, after consideration, the preliminary objections filed in this case are overruled, and defendants shall have the right to plead over within 20 days from this date.